IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

AUTO MASTER EXPRESS, INC.

    Debtor

CASE NO.   18- 01464 (ESL)

CHAPTER  11

## OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration of Order (Docket No. 237)* filed by Swasky Petroleum, Corp., ("Swasky") of the Order entered on January 13, 2021 granting the motion *Requesting Entry of Order to Transfer Certain properties Pursuant to 11 U.S.C. §363* (Docket No. 230) (Docket No. 239) and the *Joint Motion in Reply to Swasky Petroleum Corp.'s at Dockets 238, 239 and 240* filed by Auto Master Express, Inc. (hereinafter referred to as "Auto Master" or "Debtor") and secured creditor Route 65, Inc. (hereinafter referred to as "Route 65" or "Creditor") (Docket No. 245). Replies by Swasky and the Debtor and Route 65 ensued (Docket Nos. 251 and 257). For the reasons stated herein, Swasky's motion for reconsideration is granted.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

## Procedural Background

The Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on March 19, 2018. The Debtor included in its Schedule G- Executory Contracts and Unexpired Leases, a mini market lease with Swasky that expires on March 17, 2023. The Debtor listed Swasky's address as: PO Box 3261; Valle Arriba Heights; Carolina, PR 00984 (Docket No. 1, pg. 23). On December 26, 2018, the Debtor filed its Disclosure Statement and Plan of Reorganization by which the Debtor assumed the two (2) unexpired leases (Docket Nos. 79 & 80), which include the Swasky Petroleum Corp. Mini Market Lease. Thereafter on March 11,

2019, the Debtor filed its First Amended Disclosure Statement and First Amended Plan of Reorganization in which the Debtor also assumed the two (2) unexpired leases (Docket Nos. 113 &114).

On July 1, 2020, Route 65 filed three (3) transfers of claims other than for security for proof of claims numbers 12, 13 and 14 in which Banco Popular de Puerto Rico was the transferor and Route 65 was the transferee (Docket Nos. 182, 183, & 184). Proof of claims numbers 12, 13 and 14 are based on three (3) commercial mortgage loans which are secured by two real estate properties. The Debtor is the title holder of the first real estate property and José R. Rios Polo and Blanca Quiles Carrasquillo, are the title holders of the second real estate property.[1] On October 2, 2020, the Debtor and Route 65 filed a *Joint Stipulation Regarding Treatment of Claims 12, 13 and 14* which included as part of its terms and conditions that in full payment of Route 65's claims nos. 12, 13 and 14 the Debtor would transfer free and clear of all liens the commercial property to Route 65 through a Deed in Lieu in favor of Route 65. Another of the provisions of the Stipulation included that Route 65 will rent a space of the commercial property to Express Repair Service, Inc. (ERSI) to be used as a service area. The monthly rental will be a total of $1,200, payable at the beginning of the month, for a term of 6 years. The term will be renewable for another 6 years, if ERSI is not in default with the terms and conditions of the lease, for a monthly rent amount to be negotiated at that time. Further terms and conditions will be negotiated between Route 65 and ERSI and set in writing (Docket No. 202). On October 2, 2020, the Debtor filed a *Motion to Shorten Time* to seven (7) days to file objections to the *Joint Stipulation* (Docket No. 203). On October 2, 2020, the Debtor filed a *Notice and Certificate of Service* informing that a true and exact copy of the *Joint Stipulation* filed under docket entry no. 202 and the *Motion to Shorten Time* filed under docket entry no. 203 had been sent by regular mail to the parties in the annexed mailing list (Docket No. 205). On October 3, 2020, the Debtor filed a *Notice and*

---

[1] José R. Rios Polo and Blanca Quiles Carrasquillo are the president and secretary of the debtor corporation. They are the codebtors of the BPPR loan which was transferred to Route 65. The Statement of Financial Affairs does not disclose their proprietary interest in the debtor corporation, if any. The disclosure statements filed by the debtor corporation do not disclose their proprietary interest in the same, if any, and do not identify them as equity interest holders.

-2-

*Certificate of Service* informing that a true and exact copy of the *Joint Stipulation* filed under docket entry no. 202 and the *Motion to Shorten Time* filed under docket entry no. 203 had been sent by regular mail to Swasky Petroleum Corp. through its Resident Agent Mr. Muhanad Hassan Hilmi to the following mailing address: PO Box 3261 Valle Arriba Heights Carolina, PR 00985. (Docket No. 206).  On October 6, 2020, the *Motion to Shorten Time* was granted (Docket No. 208).

On October 9, 2020, the Debtor filed its Second Amended Plan of Reorganization and its Second Amended Disclosure Statement (Docket Nos. 212 & 213). In the Second Amended Disclosure Statement and Second Amended Plan of Reorganization, the Debtor disclosed that it will reject the two (2) unexpired leases with Swasky and with Express Repair Service Inc.

On October 13, 2020, the Court approved the *Joint Stipulation* (Docket No. 214). Pursuant to the Certificates of Service, Swasky was not sent a notification of the Order approving the Joint Stipulation (Docket Nos. 217 & 218).

On October 20, 2020, the Debtor filed a *Certificate of Service* disclosing the recipients that were sent a copy of the Second Amended Disclosure Statement and the Second Amended Plan of Reorganization via first class mail (Docket No. 220). Swasky was not included in the mailing list or in the certified mail receipts that were attached to the *Certificate of Service*.

On October 15, 2020, the court rendered an *Order and Notice* informing the parties that a hearing would be held on December 8, 2020 to consider the Second Amended Small Business Disclosure Statement and the Second Amended Small Business Plan of Reorganization (Docket No. 216). According to the *Certificate of Service* (Docket No. 219) notice of the *Order and Notice* (Docket No. 216) was sent by the Bankruptcy Noticing Center on October 17, 2020 via first class mail to the following address:

Swaski Petroleum Corp.
Resident Agent Muhanad Hassan Hilmi
PO Box 3261 Valle Arriba Height
Carolina, PR 00984-3261.

On December 8, 2020, a confirmation hearing was held in which the court approved the Second Amended Small Business Disclosure Statement and the Second Amended Small Business Plan dated October 9, 2020 (Docket No. 226). The *Order Approving Disclosure Statement and Confirming Plan* was entered on December 8, 2020 (Docket No. 227). According to the *Certificate of Service* (Docket No. 228 & 229) notice of the *Minutes* and the *Order Approving Disclosure Statement and Confirming Plan* (Docket Nos. 226 & 227) were sent by the Bankruptcy Noticing Center on December 10, 2020 via first class mail to the following address:

Swaski Petroleum Corp.
Resident Agent Muhanad Hassan Hilmi
PO Box 3261 Valle Arriba Height
Carolina, PR 00984-3261

On December 22, 2020, the Debtor and Route 65 filed a *Joint Motion Requesting Entry of Order to Transfer Certain Properties Pursuant to 11 U.S.C. §363* free and clear of all claims, liens, and interests, including, without limitation any liens and encumbrances that may have been assessed and/or registered in the Municipal Revenue Collection Center ("CRIM"), the Puerto Rico Treasury Department, and the Registry of the Property of Puerto Rico, as Debtor submits that at least one of the requirements of Section 363(f) of the Bankruptcy Code if not more, are met since upon information and belief, Route 65 is the only entity that holds liens over the Property (Docket No. 230). The Joint Motion further states that, "… any entity holding claims and/or other interests on the Property or the relief to be granted by the Order approving this Motion will receive notice of the instant motion (the "Sale Motion"). Accordingly, all parties in interest will be given sufficient opportunity to object to the relief requested herein. To that extent, however, any such entity that does not object to the Sale Motion shall be deemed to have consented to the relief sought herein" (Docket No. 230, pg. 5). On December 23, 2020, Route 65 filed a *Certificate of Service* informing that a printed copy of the *Joint Motion Requesting Entry of Order to Transfer Certain Properties Pursuant to 11 U.S.C. §363 (Docket No. 230)* was sent via first class mail on December 22, 2020 to non-CM/ECF participants as per the master address

list (Docket No. 232). Route 65 attached copy of the envelopes that were sent to the non-CM/ECF participants with their respective printed address. The printed address on the envelope for Swasky was the following:

Swaski Petroleum Corp.
Resident Agent Muhanad Hassan Hilmi
PO Box 3261 Valle Arriba Height
Carolina, PR 00984-3261

The third line of the address which included the words, "Valle Arriba Height" were handwritten on the envelope (Docket No. 232-1, pg. 13)

Thereafter, on January 13, 2021, the Court granted the *Joint Motion Requesting Entry of Order to Transfer Certain Properties Pursuant to 11 U.S.C. §363* (Docket No. 237). The Order of the Court by which it granted the Joint Sale Motion included the following language regarding notice to interested parties: "[n]otice of all pleadings was provided by the Debtor to all creditors and parties in interest including: (i) all entities, parties, or persons that, or that are known to, hold or have asserted any lien, claim, action, mortgage, attachment, encumbrance or interest in or upon or related to the Property or against the Debtor and/or its estate collectively, the "Interests"); (ii) all federal, state and local regulatory or taxing authorities or recording offices which have reasonably known interest; (iii) all parties to any and all contracts, if any, with the Debtor, and (iv) all creditors of this estate listed in the creditor matrix. As evidenced by the record of this case, the same was good, sufficient and appropriate." (Docket No. 237, pg. 2). Swasky was not included as a recipient of the Order granting motion to sell property free and clear of liens pursuant to the *Certificate of Service*. (Docket No. 241).

On January 15, 2021, Swasky filed an *Objection to the Joint Motion Filed at Docket No. 230 and in Request of Order* (Docket No. 238). On said date Swasky also filed a *Motion for Reconsideration of Order (Docket No. 237)* (Docket No. 239). On January 15, 2021, Swasky filed

a *Motion Submitting Exhibit* related to Docket No. 239 (Docket No. 240). The exhibit is the registered deed of the lease contract between the Debtor and Swasky Petroleum Corporation.

On January 25, 2021, the Debtor filed a *Motion Requesting Additional Time to Reply to Swasky Petroleum Corp.'s Motions at Dockets 238, 239 and 240* and said extension was granted on January 26, 2021 (Docket Nos. 242 & 243). On February 1, 2021, the Debtor and Route 65 filed a *Joint Motion in Reply to Swasky Petroleum, Corp.'s Motions at Dockets 238, 239 and 240* (Docket No. 245).

On February 1, 2021, Swasky filed a *Motion Requesting Leave to File Reply (Docket No. 245)* and the same was granted on February 2, 2021 (Docket Nos. 246 & 247). On February 12, 2021, the Debtor filed a notice of change of address by which it stated that the mailing address of Swasky was undeliverable (Docket No. 249). This form is signed by the Debtor or the Debtor's attorney and next to the signature the date of February 12, 2021 is typed. The form discloses that the reason that it was undeliverable was that it was not deliverable as addressed. The form lists the "Undeliverable Mailing Address" as:

> Swaski Petroleum Corp.
> Resident Agent Muhanad Hassan Hilmi
> PO Box 3261
> Valle Arriba Heights
> Carolina, PR 00984-3261

The form lists the "Updated Mailing Address" as:

> Swaski Petroleum Corp.
> Resident Agent Muhanad Hassan Hilmi
> PO Box 3261
> Valle Arriba Heights
> Carolina, PR 00985

On February 22, 2021, Swasky filed its *Reply to Response to Opposition (Docket No. 245)* (Docket No. 251). On February 22, 2021, Swasky filed a motion requesting *Leave to File Language Spanish Documents and Request for an Extension of Time to File Translations* and the

same was granted on February 23, 2021 (Docket Nos. 252 & 253). On March 15, 2021, Swasky filed a *Motion Submitting English Language Translation of Documents Filed in Spanish* (Docket No. 255). Subsequently, on April 19, 2021, the Debtor and Route 65 filed a *Joint Motion in Reply to Swasky Petroleum, Corp.'s Motion at Docket 251* (Docket No. 257).

**Position of the Parties**

**Swasky**

Swasky discloses in its Motion for Reconsideration of Order at Docket No. 237 (Docket No. 239) that, "[t]he appearing party was served a copy of this request via regular mail." Swasky requests reconsideration of the Order based on the following arguments: (i) the Court granted the Joint Sale Motion on January 13, 2021, two (2) days before the deadline provided by Fed. R. Bankr. P. 9006 for the appearing party to file its opposition; (ii) it was not notified to its office address of record. Instead, the communications and filings related to this issue apparently were sent to a PO Box address located with zip code 00984. Its zip code is 00985. The Debtor through its February 12, 2021 filing admits that the mail sent to Swasky was undeliverable and corrects the zip code. "Thus, it was impossible for Swasky to timely oppose a plan transferring the property that it is legally leasing, when in reality it was never notified of this; and (iii) under local non-bankruptcy law, a property lease issued through a public deed that was presented and registered at the Puerto Rico Property Registry would survive even in the event that said property was transferred to a third party. For purposes of non-bankruptcy law, the date of that registration is the date that the public deed was presented at the Registry for the first time. See 30 L.P.R.A. §6034. As a result, for purposes of this case the date of registration of the lease in controversy is August 13, 2014, which was the day that public deed was originally presented. A subsequent transfer of a real property through this bankruptcy proceeding cannot extinguish the validity of the lease, since it would be prohibited by the state law referenced in the motion in opposition and the motion for reconsideration, which would be in contravention to 11 U.S.C. §363(f) (Docket Nos. 239 & 251).

**The Debtor and Route 65**

The Debtor and Route 65 contend that: (i) Swasky had been informed that its lease would be rejected since at least the filing of the Amended Plan and Disclosure Statement October 9, 2020, Dockets 212 and 213, which were notified to the Master Address list and specifically to Swasky; (ii) due notice of all those filings was given to Swasky. Swasky did not file a notice of appearance to object to the stipulation reached between Debtor and secured Creditor, Route 65. Swasky had due notice of the stipulation since at least October 2, 2020; (iii) all the filings made related to the Joint Stipulation were clear in stating that the transfer of the property would be made "free and clear of all liens, encumbrances, claims and interests;" (iv) Swasky had notice of the Stipulation for 140 days and did not object the same. The Stipulation was authorized since October 13, 2020, and it was also included in the Second Amended Plan and the Second Amended Disclosure Statement, which were approved and confirmed on December 8th, 2020; (v) Swasky did not object the second amended disclosure statement and the second amended plan of reorganization nor did it request reconsideration of the confirmation of the plan; (vi) Swasky's Lease was rejected through the Confirmed Plan. The Debtor chose to reject the executory contract it had with Swasky pursuant to 11 U.S.C. §365(d)(2). Swasky did not make an appearance at any time to object said rejection; (vii) Swasky was under advisement of the rejection and the sale of the property to the Mortgage Holder, Route 65. In fact, Swasky had due notice of the filing of the Bankruptcy since May 4, 2018; (viii) Route 65 is the holder of the two mortgage notes that are registered before Swasky's Lease at the Property Registry and also has a judgment in its favor for the foreclosure of its mortgage notes.   The commercial property serves as collateral for creditor Route 65 secured claims, which is the largest secured creditor in this case; (ix) the Property has no equity and the stipulation and deed in lieu of foreclosure will alleviate the estate in as much as it will reduce the amounts due by Debtor, eliminating Route 65's claims and CRIM's secured claim No. 2 in the amount of $30,575; (x) the effect of the Order of Sale free and clear of all liens, would be the same through the Bankruptcy Court as if the Debtor and Route 65 would request jointly lift of stay to allow Route 65 to execute its Judgment for foreclosure; (xi) the Debtor

submits that at least one of the requirements of 11 U.S.C. §363(f) if not more, are met since upon information and belief, Route 65 is the only entity that holds registered preferential liens over the Property; and (xii) the transfer is in the best interest of the bankruptcy estate (Docket Nos. 245 & 257).

**Legal Standard for a Motion for Reconsideration**

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) aff'd, 2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under  Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id.

In the instant case, Swasky's motion for reconsideration was filed within fourteen (14) days from the date that the dismissal order entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available

evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

**Discussion**

The first issue that Swasky brings forth in its Motion for Reconsideration is the lack of due process given that it filed its objection to the *Joint Motion Requesting Entry of Order to Transfer Certain Properties Pursuant to 11 U.S.C. §363* within the objection time allotted under Fed. R. Bankr. P. 9006(f)[2] for those parties that were served a copy of the motion via regular mail. Swasky filed its objection to the *Joint Motion Requesting Transfer of Certain Properties* on January 15, 2021, that is twenty-four (24) days from December 22, 2020 which was the date that motion was filed, and within the period it has to object with the additional three (3) days. The court admits that it improvidently entered the Order granting the *Joint Motion Requesting Transfer of Certain Properties* two (2) days before the objection period lapsed for those parties that had been served by regular mail. The court is cognizant that Swasky admits in its motion for consideration that it was served a copy of this request via regular mail, despite the fact that the *Joint Motion Requesting Entry of Order to Transfer Certain Properties* was mailed to the address with the wrong zip code; that is 00984 instead of 00985. Notwithstanding, Swasky filed its objection timely.

The court notes that on February 12, 2021, the Debtor filed a notice of change address regarding Swasky's mailing address that discloses that the mailing address with the zip code

---

[2] Fed. R. Bankr. P. 9006(f) provides: "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail or under Rule 5(b)(2)(D) (leaving with the clerk) of (F) (other means consented to) F.R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)" Fed. R. Bankr. P. 9006(f).

-10-

00984 was undeliverable and the updated mailing address has the zip code 00985 which is the only change in the mailing address. The form discloses that the reason that it was undeliverable was that it was not deliverable as addressed (Docket No. 249). The court has not been placed in a position to determine whether the Debtor received one or more notifications as to Swasky having an undeliverable mailing address given that the Debtor used the mailing address with the zip code 00984 for various motions, and orders.[3]

The Debtor listed Swasky's address as: PO Box 3261; Valle Arriba Heights; Carolina, PR 00984 in its Chapter 11 bankruptcy petition (Docket No. 1, pg. 23). On October 3, 2020, the Debtor filed a *Notice and Certificate of Service* informing that a true and exact copy of the *Joint Stipulation* filed under docket entry no. 202 and the *Motion to Shorten Time* filed under docket entry no. 203 had been sent by regular mail to Swasky Petroleum Corp. through its Resident Agent Mr. Muhanad Hassan Hilmi to the following mailing address: PO Box 3261 Valle Arriba Heights Carolina, PR 00985. On October 13, 2020, the Court approved the *Joint Stipulation* (Docket No. 214). However, pursuant to the Certificate of Service, Swasky was not sent a notification of the Order approving the Joint Stipulation (Docket Nos. 217 & 218).

On October 20, 2020, the Debtor filed a *Certificate of Service* disclosing the recipients that were sent a copy of the Second Amended Disclosure Statement and the Second Amended Plan of Reorganization via first class mail (Docket No. 220). In this Second Amended Disclosure Statement and Second Amended Plan, the Debtor discloses that it will reject Swasky's lease for the first time. The court notes that the Debtor in the prior two disclosure statements and plans of reorganizations had assumed the lease with Swasky. However, Swasky was not included in the mailing list or in the certified mail receipts that were attached to the *Certificate of Service*.

On October 15, 2020, the court entered an *Order and Notice* informing the parties that a hearing would be held on December 8, 2020 to consider the Second Amended Small Business Disclosure Statement and the Second Amended Small Business Plan of Reorganization (Docket

---

[3] The court notes that in addition to the incorrect zip code the Debtor also incorrectly spelled Swasky by addressing the correspondence to "Swaski."

No. 216). According to the *Certificate of Service,* notice of the *Order and Notice* (Docket No. 216) the Bankruptcy Noticing Center on October 17, 2020 sent Swasky the notice of the confirmation hearing via first class mail to the address with the 00984-3261 zip code. (Docket No. 219).

Thereafter, on December 10, 2020 the Bankruptcy Noticing Center sent Swasky the *Minutes* and the *Order Approving Disclosure Statement and Confirming Plan* that was entered on December 8, 2020 via first class mail to Swasky's address with the 00984-3261 zip code (Docket Nos. 228 & 229).

The court finds that the only motion (document/order/notice) that was mailed to Swasky to its correct zip code, namely 00985, was the *Joint Stipulation Regarding Treatment of Claims 12, 13 and 14 and* the *Motion to Shorten Time.* Moreover, on February 12, 2021, the Debtor filed a notice of change of address by which it stated that Swasky's mailing address with the 00984-3216 zip code was undeliverable (Docket No. 249).

The court also finds, contrary to the Debtor and Route 65's assertion, that Swasky was not informed that its lease would be rejected because Swasky was not mailed a copy via First Class Mail of the Second Amended Disclosure Statement and the Second Amended Plan of Reorganization (Docket No. 220). The court concludes that the *Joint Stipulation Regarding Treatment of Claims 12, 13 and 14 and* the *Motion to Shorten Time* were sent to Swasky's correct address. The Joint Stipulation does not include as part of its terms that the lease with Swasky will be rejected. The language included in the Joint Stipulation that the transfer of the property No. 2,901 to Route 65 would be made "free and clear of all liens" does not equate or constitute a lease rejection pursuant to 11 U.S.C. §365(d)(2). The Joint Stipulation further stated that, "[t]his stipulation shall bind the parties and their respective successors, privies and assigns." Docket No. 202, pg. 4, par. 8). The court concludes that the Joint Stipulation was sent via regular mail and therefore is not in conformity with Fed. R. Bankr. P. 6006(a) and Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 6006(a) states, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014." Fed. R. Bankr. P. 6006(a).

Fed. R. Bankr. P. 9014(b) provides in pertinent part, "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R. Civ. P." Fed. R. Bankr. P. 9014(b).

The constitutional right to due process in bankruptcy requires notice reasonably calculated, under all the circumstances, to apprise interested parties of actions that may affect their interests and afford them an opportunity to present their objections. United student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1378 (2010). The fact that a party in interest is generally aware of a pending bankruptcy proceeding does not by itself impose a burden on such party to take specific action and does not relieve the debtor from giving reasonable and actual notice. In re Arch Wireless, Inc., 534 F.3d 76, 83 (1st Cir. 2008). Reasonable notice to parties in interest embodies a basic principle of justice, that an affected party must be given notice and an opportunity to be heard before its rights are affected. In re Pick & Save, Inc, 478 B.R. 110, 118 (Bankr. P. R. 2012). Due notice is a critical factor in the context of determining whether an order or judgment should be set aside. Parties whose interests are affected are entitled to receive adequate and reasonable notice. Due notice is an elementary and fundamental requirement of due process constitutional right. In re MMH Automotive Group, LLC, 385 B.R. 349, 357 – 358 (Bankr. S.D. Fla. 2008). The due notice requirement is particularly critical in bankruptcy as the rules of construction authorize an act without an actual hearing after appropriate notice under the particular circumstances and no objection is filed. 11 U.S.C. § 102. Thus, lack of due notice is grounds for the setting aside of the order subject of the motion for reconsideration.

For the reasons stated herein, the court finds that Swasky was not properly notified that the Debtor was rejecting its lease, thus Swasky was not able to object to the Second Amended Disclosure Statement and Second Amended Plan of Reorganization whereby the Debtor rejected its lease. Moreover, Swasky timely filed its objection to the December 22, 2020 *Joint Motion Requesting Entry of Order to Transfer Certain Properties Pursuant to 11 U.S.C. §363*. The court

concludes that Swasky did not employ its motion for reconsideration to cure its own procedural failures or to introduce new evidence or advance arguments that should have been presented originally to the court, but rather to establish a lack of due process in the lease rejection that stems from a lack of notice to Swasky by the Debtor.

The Debtor submits that at least one of the requirements of 11 U.S.C. §363(f) if not more, are met since upon information and belief, Route 65 is the only entity that holds registered preferential liens over the Property. The court finds that the Debtor's statement as to its compliance with 11 U.S.C. §363(f) is vague and imprecise.

Conclusion

In view of the foregoing, Swasky's *Motion for Reconsideration of Order (Docket No. 237)* of the Order entered on January 13, 2021 granting the motion *Requesting Entry of Order to Transfer Certain properties Pursuant to 11 U.S.C. §363* (Docket No. 230) (Docket No. 239) is hereby granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of May 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-14-